IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

REBECCA J. BEABOUT and
DAVID W. BEABOUT, her husband,
and KATELYN E. BEABOUT and
DAVID BEABOUT, minors, who sue
by and through their mother and
next friend, Rebecca J. Beabout,

    Plaintiffs,

v.                                Civil Action No. 5:04CV95
                                        (STAMP)
ROBERT D. WOLFE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

I. Procedural History

On February 17, 2005, this Court entered a memorandum opinion and order denying the plaintiffs' motion to remand this case to the Circuit Court of Ohio County, West Virginia. On April 29, 2005, the plaintiffs filed a motion for reconsideration of the Court's order. The defendant responded in opposition. On August 1, 2005, this Court held oral argument on this motion. After considering the record, this Court finds that the plaintiffs have provided no new evidence that brings into question the validity of this Court's original order. Accordingly, the plaintiffs' motion for reconsideration is denied.

II. Facts

On September 26, 2001, a vehicle driven by defendant, Robert D. Wolfe ("Wolfe"), collided with a vehicle driven by plaintiff,

Rebecca J. Beabout.  The alleged damages to the plaintiffs from the accident exhausted the liability limits of Wolfe's insurance policy, and, consequently, the plaintiffs sought underinsured motorist benefits from their insurance carrier, State Farm Mutual Automobile Insurance Company ("State Farm").  Settlement negotiations with State Farm were unsuccessful.  On August 29, 2003, the plaintiffs brought an underinsured motorist suit in the Circuit Court of Ohio County, West Virginia.  On July 30, 2004, the jury entered a verdict in the plaintiffs' favor for an amount exceeding their underinsured motorist coverage.  The plaintiffs then moved to amend their complaint in order to allege a bad faith claim against State Farm.  At this stage in the proceedings, the plaintiffs again commenced settlement discussions with State Farm, and State Farm made certain payments pursuant to the judgment.  However, the settlement discussions were not fruitful and the plaintiffs, in a letter to State Farm dated August 26, 2004, alleged that State Farm's payments had not satisfied the judgment.  Pls.' Mem. in Supp. of Mot. to Remand, Ex. C.  On August 30, 2004, the parties entered an agreed order in the state court granting the plaintiffs' motion to amend the complaint to state a bad faith claim against State Farm.  On that same date, State Farm filed a notice of removal with this Court, seeking removal pursuant to 28 U.S.C. § 1332 on the grounds of diversity of citizenship.

## III. Applicable Law

"[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . . Where evidence is not newly discovered, a party may not submit that evidence in support of the motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171 (1989). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision -- a party should not file such a motion "to ask the Court to rethink what the Court had already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983); see also Robertson v. Yamaha Motor Corp., USA, 143 F.R.D. 194, 196 (S.D. Ill. 1992). Rather, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law or where the party produced new evidence that could not have been obtained through the exercise of due diligence." Prudential Securities, Inc. v. LaBland, 151 F.R.D. 678, 679 (D. Kan. 1993).

## IV. Discussion

The plaintiffs argue that this Court's order denying their motion to remand should be reconsidered because: (1) outstanding issues remain in the state court proceedings; (2) this Court

3

overlooked controlling Fourth Circuit precedent; specifically, the holding in Lovern v. General Motors Corp., 121 F.3d 160 (4th Cir. 1997); (3) this Court overlooked a separate argument under Federal Rule of Civil Procedure 6, which was that State Farm could not possibly have become a party until after the expiration of the one-year removal period, and therefore Rule 6 is inapplicable; and (4) this Court overlooked a controlling case regarding whether the defendant made a general appearance; specifically, Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 376 (1937).

In response, the defendant asserts: (1) the underlying verdict has been satisfied and the plaintiffs can argue for additional attorney's fees in the present action before this Court; (2) the plaintiffs' reliance on Lovern, a case that actually expands the time for removal, is misplaced and should not alter this Court's previous decision; and (3) the plaintiffs' arguments regarding Rule 6 have been rejected by this Court, and this Court has found that State Farm voluntarily accepted service and subjected itself to jurisdiction on August 30, 2004 when it removed the case.

First, this Court finds that the plaintiffs' argument that remand is necessary because the state court has not yet entered judgment in the underlying suit is without merit.[1] This Court's

---

[1] At oral argument, the plaintiffs asserted that remand was also appropriate because they had not been given the opportunity to file post-trial motions due to the fact that no judgment had been entered. This Court finds that this argument lacks merit. This case remained in the state court for almost a month before the

4

removal jurisdiction is not contingent on resolution of the underlying claims. Any remaining disputes regarding the adequacy of payment can be resolved in this Court.

The plaintiffs next reiterate their argument that the one-year limitation on removal is a jurisdictional bar to which Rule 6 is inapplicable. However, again, the plaintiffs fail to cite any case law that directly stands for that proposition. Instead, they cite a sentence from <u>Lovern v. General Motors Corp.</u>, 121 F.3d 160 (4th Cir. 1997), that 28 U.S.C. § 1446(b) provides "an absolute bar" to removal more than one year after commencement of the action. This Court notes, however, that this case is not on point and that the phrase cited by the plaintiffs is mere dictum. The holding in <u>Lovern</u> actually permits an expansion of the thirty-day removal period in § 1446(b):

> We conclude that only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case 'stated by the initial pleading' not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file

---

plaintiffs moved to amend the complaint to cite a claim against State Farm. During that time, they made no effort to assert post-trial rights. Under West Virginia law, "[i]f a party fails to make a timely motion for a new trial, after a trial by jury wherein a verdict is returned without a direction thereof by the court, the party is deemed to have waived all errors occurring during the trial which he might have assigned as grounds in support of such motion." <u>Miller v. Triplett</u>, 203 W. Va. 351, 354 (1998). Because the plaintiffs did not seek relief during the period that the case remained in state court, any post-trial motions have been waived.

5

> its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading.

121 F.3d at 162. The <u>Lovern</u> court refers to the one-year limitation period only to note that it provides "a sufficient incentive for defendants promptly to investigate the factual requisites for diversity jurisdiction . . ." <u>Id.</u> This Court finds no implication that the defendant "sat on its rights" in this case. Thus, this Court does not find this isolated discussion to even be relevant, let alone dispositive, of the question regarding the applicability of Rule 6 to the one-year limitation period in § 1446(b).

Next, this Court notes that it has rejected the plaintiffs' contention that the defendant did not become a party until it filed its answer. The cases cited by the plaintiffs do not contradict this finding, as they stand for the proposition that the filing of a notice of removal does not constitute a general appearance that <u>waives the defendant's right to challenge service of process or personal jurisdiction</u>. These cases do not stand for the proposition that a defendant cannot by notice of removal voluntarily submit itself to the jurisdiction of a court for the purpose of becoming a party. The defendant in this case makes no challenge as to this Court's jurisdiction, and specifically intended to submit to personal jurisdiction at the time the notice of removal was filed. Thus, this Court finds the plaintiffs'

argument that the defendant could not possibly have become a party before the one-year limitation period expired to be without merit.

## V. Conclusion

The plaintiffs have presented no new evidence or authority to persuade this Court to reconsider its original order. Based on the standards outlined above, this Court must deny the plaintiffs' motion for reconsideration.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   August 4, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
